# EXHIBIT 1

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

CARA-AIMEE LONG CORRA and VALARIE
HANNA, individually and on behalf of all others
similarly situated,

                Plaintiffs,

    v.

ACTS RETIREMENT SERVICES, INC.

          Defendant.

Case No. 2:22-cv-02917-GEKP

### SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between Cara-Aimee Long Corra and Valarie Hanna ("Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), by and through Settlement Class Counsel (as defined below), and Defendant ACTS Retirement Services, Inc. ("ACTS"), in order to effect a full and final settlement and dismissal with prejudice of all claims against ACTS alleged in the above-captioned litigation on the terms set forth below and to the full extent reflected herein. Plaintiffs and ACTS are referred to collectively herein as the "Parties" and individually as a "Party."

## I.    RECITALS

### 1.    The Litigation.

In approximately April 2022, ACTS experienced a cybersecurity attack that potentially exposed the personally identifiable information ("PII"), including but not limited to names, Social Security numbers, and financial account and routing numbers (the "Data Security Incident"), of a number of individuals, including some of its current and former employees. ACTS began notifying Plaintiffs and the Settlement Class about the Data Security Incident in approximately July 2022.

On July 26, 2022, Plaintiff Corra, individually and on behalf of a putative class, filed an action against ACTS in the U.S. District Court for the Eastern District of Pennsylvania, *Corra v.*

Doc ID: cc444f6b57da60b4

*Acts Retirement Services, Inc.*, Case No. 2:22-cv-02917-GEKP. On October 12, 2022, Plaintiff

Corra and a second Plaintiff, Valarie Hanna, filed an Amended Complaint, alleging claims arising

from the Data Security Incident. Specifically, Plaintiffs asserted six causes of action against ACTS:

(i) negligence; (ii) negligence *per se*; (iii) breach of confidence; (iv) breach of implied contract,

(v) unjust enrichment, and (vi) publicity given to private life. ACTS moved to dismiss Plaintiffs'

Amended Complaint and that motion was fully briefed as of the time the Parties reached this

Settlement. Additionally, the Parties engaged in written discovery and document production.

On May 31, 2023, the Parties engaged in mediation with Judge Wayne Andersen (Ret.) of

JAMS. During that full-day mediation, the Parties were able to reach the principal terms of a

settlement with the assistance of Judge Andersen, subject to final mutual agreement on all

necessary documentation.

## 2. Claims of Plaintiffs and Benefits of Settling.

Plaintiffs believe that the claims asserted in the Lawsuit (as defined below), as set forth in

the Complaint (as defined below), have merit. Plaintiffs and Settlement Class Counsel recognize

and acknowledge, however, the expense and length of continued proceedings necessary to

prosecute the Lawsuit against ACTS through motion practice, trial, and potential appeals. They

have also taken into account the uncertain outcome and risk of further litigation, as well as the

difficulties and delays inherent in such litigation. Settlement Class Counsel are experienced in

class action litigation and knowledgeable regarding the relevant claims, remedies, and defenses at

issue generally in such litigation and in this Lawsuit. They have determined that the Settlement set

forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the

Settlement Class.

## 3. Denial of Wrongdoing and Liability.

ACTS denies each and all of the claims and contentions alleged against it in the Lawsuit.

Doc ID: cc444f6b57da60b4

ACTS denies all allegations of wrongdoing or liability as alleged, or which could be alleged, in the Lawsuit. Nonetheless, ACTS has concluded that further defense of the Lawsuit would be protracted and expensive, and that it is desirable that the Lawsuit be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. ACTS has taken into account the uncertainty and risks inherent in any litigation. ACTS has, therefore, determined that it is desirable and beneficial that the Lawsuit be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## II.   TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, Settlement Class Counsel, and ACTS that, subject to the approval of the Court, the Lawsuit and the Released Claims (as defined below) shall be finally and fully compromised, settled, and released, and the Lawsuit shall be dismissed with prejudice as to the Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

### 1.   DEFINITIONS.

As used in this Settlement Agreement and its exhibits, the following terms have the meanings specified below:

1.1    "*Claims Administration*" means providing notice of the settlement to Settlement Class Members and governmental entities, if any, required to be provided notice, the processing of claims, requests for exclusions, and objections, and payment of approved claims received from Settlement Class Members by the Claims Administrator.

Doc ID: cc444f6b57da60b4

1.2     "*Claims Administrator*" means Angeion Group or another company experienced in administering class action claims generally and specifically those of the type provided for and made in Lawsuit, if jointly agreed upon by the parties and approved by the Court.

1.3     "*Claim Deadline*" means a date certain, which is to be set forth in the Notice and which shall be no more than ninety (90) Days from the date Notice is mailed to Settlement Class Members.

1.4     "*Claim Form*" means the form, attached as **Exhibit C** to this Settlement Agreement, which Settlement Class Members must complete and submit on or before the Claim Deadline in order to be eligible for the benefits described herein. The Claim Form shall require an actual or electronic sworn signature but shall not require a notarization or any other form of verification.

1.5     "*Complaint*" means the Amended Class Action Complaint filed by Plaintiffs in the Lawsuit.

1.6     "*Court*" means the United States District Court for the Eastern District of Pennsylvania.

1.7     "*Data Security Incident*" means the cyberattack incident allegedly involving Plaintiffs' and Settlement Class Members' Private Information that occurred in April 2022.

1.8     "*Days*" means calendar days, except, when computing any period of time prescribed or allowed by this Settlement Agreement, it does not include the day of the act, event, or default from which the designated period of time begins to run. Further, when computing any period of time prescribed or allowed by this Settlement Agreement, include the last day of the period, unless it is a Saturday, a Sunday, or a federal legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal legal holiday.

Doc ID: cc444f6b57da60b4

1.9     "*Effective Date*" means the date defined in Paragraph 14.1 of this Settlement Agreement.

1.10     "*Final*" means that all of the following events have occurred: (a) the Settlement pursuant to this Settlement Agreement is approved by the Court; (b) the Court has entered the Final Order and Judgment; and (c) either (i) no appeal has been taken from the Final Order and Judgment as of the date on which all times to appeal or seek permission to appeal therefrom have expired, or (ii) if an appeal or other review proceeding of the Final Order and Judgment has been commenced, such appeal or other review is finally concluded and no longer is subject to further review by any court, whether by appeal, petitions, rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of *certiorari*, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects. Notwithstanding the above, any order modifying or reversing any Service Award or award of attorneys' fees or expenses shall not affect whether a judgment in this matter is Final or any other aspect of the judgment.

1.11     "*Final Approval Hearing*" means the hearing in the Lawsuit at which the Court considers final approval of this Settlement and the entry of the Final Order and Judgment.

1.12     "*Final Order and Judgment*" means the final judgment and order of dismissal with prejudice to be entered in the Lawsuit in connection with the approval of the Settlement after the Final Approval Hearing.

1.13     "*Lawsuit*" means the lawsuit, styled *Corra et al. v. Acts Retirement Services, Inc.*, Case No. 2:22-cv-02917-GEKP, pending in the United States District Court for the Eastern District of Pennsylvania.

Doc ID: cc444f6b57da60b4

1.14    "*Notice*" means the written notice to be sent or published to Settlement Class Members pursuant to the Preliminary Approval Order, attached as **Exhibits A and B** to this Settlement Agreement.

1.15    "*Notice and Claims Administration Costs*" means actual costs associated with or arising from providing notice to Settlement Class Members and performing Claims Administration in connection with the Settlement.

1.16    "*Notice Deadline*" means within thirty (30) Days of the entry of the Preliminary Approval Order, by which time the Claims Administrator shall send the Notice in **Exhibit A** to all Settlement Class Members whose addresses are known to ACTS.

1.17    "*Notice Program*" means the notice program described in Section 5.

1.18    "*Objection Deadline*" means the time period in which a Settlement Class Member may submit an Objection, which is sixty (60) Days after the Notice Deadline.

1.19    "*Opt-Out Period*" means the time period ordered by the Court during which a Settlement Class Member may submit an Opt-Out Request to opt out of the benefits available under the Settlement Agreement and also not be bound by the Settlement Agreement.  The Parties will recommend to the Court that this period be the sixty (60) Day period beginning from the Notice Deadline.

1.20    "*Opt-Out Request*" means a written request a Settlement Class Member may submit to the Claims Administrator as detailed under Section 6 below if he or she wants to be excluded from the Settlement Class and not be bound by the Settlement Agreement.

1.21    "*Parties*" means Plaintiffs, individually and on behalf of the Settlement Class, and Defendant ACTS Retirement Services, Inc.

1.22    "*Person*" means an individual.

6

1.23    "*Private Information*" shall mean "*Personal Identifiable Information*" and "*PII*" and includes, but is not limited to, Social Security numbers and financial account information and routing numbers.

1.24    "*Plaintiffs*" means Cara-Aimee Long Corra and Valarie Hanna.

1.25    "*Preliminary Approval Date*" means the date on which the Preliminary Approval Order has been entered by the Court.

1.26    "*Preliminary Approval Order*" means the order preliminarily approving the Settlement and providing for Notice to the Settlement Class, attached as **Exhibit D** to this Settlement Agreement.

1.27    "*Related Entities*" means ACTS' past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of ACTS' respective predecessors, successors, directors, officers, shareholders, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Lawsuit, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, or aiding or abetting the criminal activity associated with the Data Security Incident or who pleads *nolo contendere* to any such charge.

1.28    "*Released Claims*" means any and all past, present, and future liabilities, rights, claims, counterclaims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, including, but not limited to, negligence, negligence *per se*, breach of confidence, breach of implied contract, unjust enrichment, publicity given to private life, any state or federal

Doc ID: cc444f6b57da60b4

consumer protection statute, misrepresentation (whether fraudulent, negligent, or innocent), bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute, regulation, or common law duty, and any causes of action under 18 U.S.C. §§ 2701 *et seq.*, and all similar statutes in effect in any states in the United States as defined herein, and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs and expenses, set-offs, losses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, or relate to the exposure of Private Information in the Data Security Incident, and conduct that was alleged or could have been alleged in the Lawsuit, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the disclosure of Private Information (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Security Incident.

      1.29   "*Released Persons*" means ACTS, the Related Entities, and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, assigns, owners, directors, shareholders, members, officers, employees, principals, agents, representatives, attorneys, insurers, and reinsurers.

      1.30   "*Service Award*" means compensation awarded by the Court and paid to the Settlement Class Representatives in recognition of their roles in this litigation.

      1.31   "*Settlement*" means the settlement of the Lawsuit upon the terms and conditions set forth in this Settlement Agreement.

Doc ID: cc444f6b57da60b4

1.32    "*Settlement Agreement*" means this Settlement Agreement, including all exhibits hereto.

1.33    "*Settlement Class*" means: All persons whose personal identifying information and/or protected health information was potentially compromised in the Data Security Incident that occurred in April 2022, and who received notice from ACTS of that Data Security Incident. Excluded from the Settlement Class are: (i) ACTS; (ii) the Related Entities; (iii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iv) any judges assigned to this case and their staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

1.34    "*Settlement Class Counsel*" shall mean Raina Borrelli of Turke & Strauss LLP and Patrick Howard of Saltz Mongeluzzi Bendesky P.C.

1.35    "*Settlement Class Member[s]*" means all persons who fall within the definition of the Settlement Class.

1.36    "*Settlement Class Representatives*" means Cara-Aimee Long Corra and Valarie Hanna.

1.37    "*Settlement Website*" means a dedicated website created and maintained by the Claims Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, Notice, and Claim Form, among other things.

1.38    "*United States*" includes all fifty (50) states, the District of Columbia, and all territories.

1.39    "*ACTS*" means ACTS Retirement Services, Inc.

Doc ID: 58d9e79a62d9b73e29f0077aad233a15e00565d

1.40    "*ACTS' Counsel*" means Mullen Coughlin LLC and its attorneys.

## 2.    CLASS CERTIFICATION

2.1    Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, ACTS agrees to stipulate to the certification of the Settlement Class and will not oppose Plaintiffs' request for certification.

2.2    Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, ACTS stipulates that Plaintiffs are adequate representatives of the Settlement Class, and that Settlement Class Counsel are adequate counsel for the Settlement Class.

2.3    If the Settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, shall be vacated, and the Lawsuit shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Party's position on the issue of class certification or any other issue. The Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved. In the event of non-approval, termination, or cancellation of this Settlement Agreement, ACTS shall be responsible for administration and notification costs incurred, if any, but shall have no other payment, reimbursement, or other financial obligation of any kind as a result of this Settlement Agreement.

## 3.    SETTLEMENT BENEFITS.

Subject to the terms of this Settlement Agreement, ACTS shall make available the following compensation to Settlement Class Members who do not timely and validly opt-out of participation in this Settlement:

Doc ID: cc444f6b57da60b4

3.1     <u>Monetary Compensation for Losses</u>: Settlement Class Members who submit a valid and timely Claim Form may choose all applicable claim categories below. The overall compensation cap for any individual claimant is $350.00 for all amounts claimed in Claim A and $3,500.00 for all amounts claimed in Claim B. Claims will be subject to review for completeness and plausibility by the Claims Administrator.

(a)     <u>Claim A</u>: <u>Compensation for Ordinary Losses.</u> Defendant will reimburse documented out-of-pocket expenses incurred as a result of the Data Security Incident, up to a maximum of $350 per person upon submission of a claim and supporting third-party documentation, such as the following losses:

(i)     Bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel;

(ii)    Fees for credit reports, credit monitoring, or other identity theft insurance product purchased between April 29, 2022, and the date of the Settlement Agreement;

(iii)   Compensation for up to three (3) hours at $25 per hour for a maximum of up to $75 per person. Class members may submit claims for up to three (3) hours of lost time with an attestation that they spent the claimed time responding to issues raised by the Data Security Incident and identification of how the time was spent. This payment shall be included in the per person cap for Compensation for Ordinary Losses.

(iv)    This list of reimbursable documented out-of-pocket expenses is not meant to be exhaustive, rather it is exemplary. Settlement

11

Class Members may make claims for any documented out-of-pocket losses reasonably related to the Data Security Incident or to mitigating the effects of the Data Security Incident. The Claims Administrator shall have discretion to determine whether any claimed loss is reasonably related to the Data Security Incident.

(b)     Claim B: Compensation for Extraordinary Losses. Defendant will provide up to a maximum of $3,500 in compensation to each claimant who was the victim of actual documented identity theft for proven monetary loss if:

(i)     The loss is an actual, documented, and unreimbursed monetary loss arising from identity theft, fraud, or similar misuse, supported by third-party documentation;

(ii)     The loss was more likely than not caused by the Data Security Incident;

(iii)     The loss occurred between April 29, 2022, and the date of the Settlement Agreement;

(iv)     The loss is not already covered by one or more of the normal reimbursement categories; and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

3.2     Monetary Claims Cap. The maximum amount to be paid by Acts is capped at no more than $350,000 for Claim A and Claim B. The Credit Monitoring is not subject to this cap. Payments to Settlement Class Members who make valid claims under Claims A and B shall be

Doc ID: cc444f6b57da60b4

reduced on a *pro rata* basis based on the number of claims made if the total exceeds the overall $350,000.00 aggregate cap.

       3.3    <u>Credit Monitoring Services.</u> Settlement Class Members shall be offered an opportunity to enroll in two (2) years of credit monitoring and identity theft protection with $1 million in insurance through Pango Group's Identity Defense product.

       3.4    <u>Remedial Measures</u>. Defendant has made certain security changes in response to the Data Security Incident and the Lawsuit. Specifically, ACTS changed passwords and strengthened password requirements, extended multi-factor authentication, implemented new technical safeguards and additional mobile device management controls, updated data retention approaches, trained and/or retrained workforce members, added as 24/7 Managed Detection and Response service to augment internal resources and protections, implemented Microsoft's full lifecycle data compliance and governance solutions, and removed archival data from on-premises servers and further restricted access to archival data. ACTS agrees to pay for such ongoing security changes separate and apart from other settlement benefits.

       3.5    <u>Claims Period</u>. The Parties agree that the period for submitting claims will be set at a date certain no more than ninety (90) Days from the date that Notice is mailed to the Settlement Class Members.

       3.6    <u>Attorneys' Fees</u>. ACTS agrees not to object to an application by Settlement Class Counsel requesting the Court award attorneys' fees and costs in an amount not to exceed two-hundred fifty-thousand and no/100 dollars ($250,000.00), which are to be paid separate and apart from any other sums agreed to under this Settlement Agreement and which are not included in the maximum claims cap.

Doc ID: cc444f6b57da60b4

3.7     Service Awards. ACTS also agrees not to object to an application by Settlement Class Counsel requesting the Court award a Service Award to each Plaintiff in an amount not to exceed two thousand and five hundred and no/100 dollars ($2,500.00), or five thousand and no/100 dollars ($5,000) total, which is to be paid separate and apart from any other sums agreed to under this Settlement Agreement.

3.8     The Claims Administrator will provide information to ACTS regarding approved claims, including the claimant's name and other relevant information and all documentation to substantiate the claim upon request. ACTS shall have up to five (5) business Days after being provided this information to dispute any approved claim.

3.9     If a Settlement Class Member disputes in writing a claim determination related to a claim under Paragraph 3.1 and requests an appeal, the Parties will meet and confer on the appeal. If the Parties are unable to reach an agreement, the parties will agree on a Claims Referee to make a final and binding determination regarding the disputed claim by a Settlement Class Member. If the Claims Referee becomes unavailable, the parties may agree upon a substitute Claims Referee. If for any reason the parties are unable to agree on a Claims Referee, the Court may appoint a Claims Referee.

3.10    The entire Settlement is subject to court approval. The Effective Date for the Settlement will be when the time for appeal of the Final Order and Judgment granting final approval have lapsed with no appeal having been filed or, if any appeal is filed, thirty Days after an appeal is finally resolved with an affirmance of the Final Order and Judgment granting final approval.

**4.      SETTLEMENT ADMINISTRATION.**

4.1     All Notice and Claims Administration Costs will be paid by ACTS.

Doc ID: cc444f6b57da60b4

4.2     The Parties have agreed to request that the Court appoint Angeion Group as Claims Administrator. Once approved by the Court, the Claims Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require.

4.3     The Claims Administrator will cause the Notice Program to be effectuated in accordance with the terms of this Settlement Agreement and any orders of the Court. The Claims Administrator may request the assistance of the Parties to facilitate providing notice and to accomplish such other purposes as may be approved by ACTS' Counsel and Settlement Class Counsel. The Parties shall reasonably cooperate with such requests.

4.4     The Claims Administrator will administer and update the Settlement Website in accordance with the terms of this Settlement Agreement. Settlement Class Counsel and ACTS' Counsel shall agree on all information and documents to be posted on the Settlement Website.

4.5     The Claims Administrator will conduct Claims Administration in accordance with the terms of the Settlement Agreement, and any additional processes agreed to by Settlement Class Counsel and ACTS' Counsel, and subject to the Court's supervision and direction as circumstances may require.

4.6     To make a claim for monetary compensation, a Settlement Class Member must complete and submit a valid, timely Claim Form. Claim Forms shall be submitted by U.S. mail or electronically through the Settlement Website and must be postmarked or submitted no later than the Claim Deadline.

4.7     The Claims Administrator will review and evaluate each Claim Form, including any required documentation submitted for timeliness, completeness, and validity.

4.8     The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided

Doc ID: 58d96795b12d98f36e29f0077aed263d15286505d

all third-party documentation (except for claims for lost time) or information needed to complete the Claim Form, including any documentation required to support claims for compensation under Paragraph 3.1 above; and (3) when applicable, the information submitted could lead a reasonable person to conclude that the claimant is eligible for the category and/or amount for which a claim is submitted (collectively, "Facially Valid"). The Claims Administrator may, at any time, request from the claimant, in writing, additional information ("Claim Supplementation") as the Claims Administrator may reasonably require in order to evaluate the claim, *e.g.*, documentation requested on the Claim Form, information regarding the claimed losses, available insurance or other sources of reimbursement, the status of any claims made for insurance benefits or other reimbursement, and claims previously made for identity theft and the resolution thereof.

4.9     The Claims Administrator will maintain records of all Claim Forms submitted until the later of (a) one hundred and eighty (180) Days after the Effective Date or (b) the date all Claim Forms have been fully processed. Claim Forms and supporting documentation may be provided to the Court upon request and to Settlement Class Counsel and/or ACTS' Counsel to the extent requested or necessary to resolve Claims Administration issues pursuant to this Settlement Agreement. ACTS or the Claims Administrator will provide other reports or information as requested by the Court.

4.10     Subject to the terms and conditions of this Settlement Agreement, ACTS shall transmit needed claimant compensation funds to the Claims Administrator, and the Claims Administrator shall mail or otherwise provide payment for approved claims within sixty (60) Days of the Effective Date, or within sixty (60) Days of the date that the Claim is approved, whichever is later.

Doc ID: cc444f6b57da60b4

4.11    Payment for approved Claims shall be mailed or otherwise sent to the Settlement Class Member in the manner indicated on his or her Claim Form.

4.12    Any checks issued under this section shall be void if not negotiated within ninety (90) Days of their date of issue and shall bear the language: "This check must be cashed within 90 days, after which time it is void." Checks issued pursuant to this section that are not negotiated within ninety (90) Days of their date of issue shall not be reissued. If a Settlement Class Member fails to cash a check issued under this section before it becomes void, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief under the Settlement shall be extinguished, and ACTS shall have no obligation to make payments to the Settlement Class Member for compensation or loss reimbursement under Paragraph 3.1 or to make any other type of monetary relief to the Settlement Class Member. Such Settlement Class Member remains bound by all terms of the Settlement Agreement.

4.13    The Settlement funds and benefits that ACTS shall create or provide will not be subject to any non-claim statutes or any possible rights of forfeiture or escheat.  All monies that might be paid are not vested, contingently due, or otherwise monies in which a Settlement Class Member has an enforceable right and shall remain the property of ACTS until all conditions for payment have been met. No interest shall accrue or be payable in connection with any payment due under this Settlement Agreement.

4.14    Information submitted by Settlement Class Members in connection with submitted claims for benefits under this Settlement Agreement shall be deemed confidential and protected as such by the Claims Administrator, Settlement Class Counsel, and ACTS' Counsel.

Doc ID: cc444f6b57da60b4

### 5.      NOTICE TO SETTLEMENT CLASS MEMBERS.

5.1      The Parties agree that the following Notice Program provides reasonable notice to the Settlement Class.

5.2      Notice shall be provided to Settlement Class Members via: (1) direct notice; and (2) notice on the Settlement Website.

5.3      Within fourteen (14) Days of the entry of the Preliminary Approval Order and engagement of a Claims Administrator, ACTS shall provide the Claims Administrator with the names and mailing addresses of the Settlement Class Members whose mailing addresses are known to ACTS. The Claims Administrator shall, by using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), obtain updates, if any, to the mailing addresses.

5.4      Within thirty (30) Days of the entry of the Preliminary Approval Order (the "Notice Deadline"), the Claims Administrator shall send the Notice in **Exhibit A** to all Settlement Class Members whose addresses are known to ACTS by first-class U.S. mail.

5.5      If any Notice is returned by the Postal Service as undeliverable, the Claims Administrator shall remail the Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. Where the undeliverable Notice is returned without a forwarding address, the Claims Administrator shall make reasonable efforts to ascertain the correct address of the Settlement Class Member whose Notice was returned undeliverable and remail the Notice. Other than as set forth in the preceding sentence, neither the Parties nor the Claims Administrator shall have any obligation to remail a Notice to a Settlement Class Member.

5.6      The Notice mailed to Settlement Class Members will consist of a Short Form Notice in a form substantially similar to that attached hereto as **Exhibit A**. The Claims Administrator shall have discretion to format the Short Form Notice in a reasonable manner to minimize mailing and

Doc ID: 584d0795812d9873e29f0077aed23301500d505d

administrative costs. Before Notices are mailed, Settlement Class Counsel and ACTS' Counsel shall first be provided with a proof copy (reflecting what the items will look like in their final form) and shall have the right to inspect the same for compliance with the Settlement Agreement and any orders of the Court.

5.7     No later than thirty (30) Days following entry of the Preliminary Approval Order and engagement of a Claims Administrator, and prior to the mailing of the Notice to Settlement Class Members, the Claims Administrator will create a dedicated Settlement Website. The Claims Administrator shall cause the Complaint, the Short Form Notice, the Long Form Notice (substantially similar to that attached hereto as **Exhibit B**, and the Claim Form (in a form substantially similar to that attached hereto as **Exhibit C**), as approved by the Court, as well as this Settlement Agreement, to be made available on the Settlement Website. Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by Settlement Class Counsel and ACTS' Counsel, which approval shall not be unreasonably withheld. The Settlement Website address and the fact that the Long Form Notice and a Claim Form are available through the Settlement Website shall be included in the Notice mailed to Settlement Class Members.

5.8     The Settlement Website shall be maintained and updated until thirty (30) Days after Final Order and Judgment.

5.9     Claim Forms shall be returned or submitted to the Claims Administrator via U.S. mail or submitted through the Settlement Website by the Claim Deadline set by the Court or be forever barred.

5.10    Prior to the Final Approval Hearing, the Claims Administrator shall provide to Settlement Class Counsel and ACTS' Counsel to file with the Court an appropriate affidavit or

Doc ID: cc444f6b57da60b4

declaration from the Claims Administrator with respect to its compliance with the Court-approved

Notice Program.

      5.11    ACTS shall pay the entirety of the costs of Claims Administration and the costs of

providing notice to the Settlement Class in accordance with the Preliminary Approval Order.

      **6.**      **OPT-OUT PROCEDURE.**

      6.1    Each Settlement Class Member shall have the right to opt out and not participate in

the Settlement Agreement, as provided for in the Preliminary Approval Order.

      6.2    The Notice shall inform each Settlement Class Member of his or her right to request

exclusion from the Settlement Class and not to be bound by this Settlement Agreement, if, within

such time as is ordered by the Court ("Opt-Out Period"), the Settlement Class Member personally

signs and timely submits, completes, and mails a request for exclusion ("Opt-Out Request") to the

Claims Administrator at the address set forth in the Notice. To be effective, an Opt-Out Request

must be postmarked no later than the final date of the Opt-Out Period.

      6.3    The Parties will recommend to the Court that the Opt-Out Period be the sixty (60)-

day period beginning upon the Notice Deadline.

      6.4    For a Settlement Class Member's Opt-Out Request to be valid, it must (a) state his

or her full name, address, and telephone number; (b) contain the Settlement Class Member's

personal and original signature (or the original signature of a person previously authorized by law,

such as a trustee, guardian, or person acting under a power of attorney to act on behalf of the

Settlement Class Member with respect to a claim or right, such as those in the Lawsuit); and

(c) clearly manifest the Settlement Class Member's intent to be excluded from the Settlement

Class, to be excluded from the Settlement, to not participate in the Settlement, and/or to waive all

rights to the benefits of the Settlement. The Claims Administrator shall promptly inform Settlement

Class Counsel and ACTS' Counsel of any Opt-Out Requests.

Doc ID: 5d490f79a82d98f73e29f0077aed23a15ea0565d

6.5     All Settlement Class Members who submit timely and valid Opt-Out Requests in the manner set forth in Paragraph 6.4, above, referred to herein as "Opt-Outs," shall receive no benefits or compensation under this Settlement Agreement, shall gain no rights from the Settlement Agreement, shall not be bound by the Settlement Agreement, and shall have no right to object to the Settlement or proposed Settlement Agreement or to participate at the Final Approval Hearing. All Settlement Class Members who do not request to be excluded from the Settlement Class in the manner set forth in Paragraph 6.4, above, shall be bound by the terms of this Settlement Agreement, including the Release contained herein, and any judgment entered thereon, regardless of whether he or she files a Claim Form or receives any monetary benefits from the Settlement.

6.6     An Opt-Out Request or other request for exclusion that does not fully comply with the requirements set forth in Paragraph 6.4, above, or that is not timely submitted or postmarked, or that is sent to an address other than that set forth in the Notice, shall be invalid, and the person submitting such request shall be treated as a Settlement Class Member and be bound by this Settlement Agreement, including the Release contained herein, and any judgment entered thereon.

6.7     No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt out Settlement Class Members as a group, in the aggregate, or as a class involving more than one Settlement Class Member; or (b) to opt out more than one Settlement Class Member on a single paper, or as an agent or representative. Any such purported Opt-Out Requests shall be void, and the Settlement Class Member(s) who is or are the subject of such purported Opt-Out Requests shall be treated as a Settlement Class Member and be bound by this Settlement Agreement, including the Release contained herein, and judgment entered thereon, unless he or she submits a valid and timely Opt-Out Request.

Doc ID: cc444f6b57da60b4

6.8     Within fourteen (14) Days after the last Day of the Opt-Out Period, the Claims Administrator shall furnish to Settlement Class Counsel and to ACTS' Counsel a complete list of all timely and valid Opt-Out Requests (the "Opt-Out List").

**7.     OBJECTIONS TO THE SETTLEMENT.**

7.1     Any Settlement Class Member who wishes to object to the Settlement Agreement must submit a timely and valid written notice of his or her objection ("Objection") by the Objection Deadline (as defined herein). Such notice shall: (i) state the objecting Settlement Class Member's full name, current address, telephone number, and email address (if any); (ii) contain the objecting Settlement Class Member's original signature; (iii) set forth information identifying the objector as a Settlement Class Member, including proof that the objector is within the Settlement Class (*e.g.,* copy of the Notice or copy of original notice of the Data Security Incident); (iv) set forth a statement of all grounds for the objection, including any legal support for the objection that the objector believes applicable; (v) identify all counsel representing the objector; (vi) state whether the objector and/or his or her counsel will appear at the Final Approval Hearing, and; (vii) contain the signature of the objector's duly authorized attorney or other duly authorized representative (if any), along with documentation setting forth such representation.

7.2     To be timely, an Objection in the appropriate form must be filed with the Clerk of the Court and mailed or hand-delivered concurrently upon Settlement Class Counsel and ACTS' Counsel at addresses set forth in the Notice no later than sixty (60) Days after the Notice Deadline ("Objection Deadline"). The deadline for filing Objections shall be included in the Notice.

7.3     An objector is not required to attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file with the Court, and mail or hand-deliver to Settlement Class

Doc ID: cc444f6b57da60b4

Counsel and ACTS' Counsel, a notice of appearance no later than sixty (60) Days after the Notice Deadline.

7.4     If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the notice of appearance filed with the Court must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing and include each such attorney's name, address, phone number, email address, state bar(s) to which counsel is admitted, as well as associated state bar numbers, and a list identifying all objections such counsel has filed to class action settlements in the past three (3) years, the results of each objection, any court opinions ruling on the objections, and any sanctions issued by a court in connection with objections filed by such attorney.

7.5     If the objecting Settlement Class Member intends to request permission from the Court to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony at least thirty (30) Days before the Final Approval Hearing.

7.6     Any Settlement Class Member who fails to comply in full with the requirements for objecting set forth in this Settlement Agreement, the Notice, and any applicable orders of the Court shall forever waive and forfeit any and all rights he or she may have to raise any Objection to the Settlement Agreement, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means, and shall be bound by the Settlement Agreement and by all proceedings, orders, and judgments in the Action. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions set forth in this Section. Without limiting the foregoing, any challenge to the Settlement Agreement, the Final Order and

Doc ID: 5849879ab12d9873e29f0077aed2330d15006505d

Judgment approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack. Any objecting Settlement Class Member who appeals final approval of the Settlement Agreement will be required to post an appeal bond.

## 8.   ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD.

8.1     ACTS has agreed not to object to a Service Award to be paid to both Plaintiffs in an amount not to exceed two thousand and five hundred dollars and no/100 ($2,500.00), which award is intended to recognize Plaintiffs for their efforts in the litigation and commitment on behalf of the Settlement Class. Plaintiffs will not request Service Awards exceeding two thousand dollars and five hundred and no/100 ($2,500.00) per Plaintiff. If approved by the Court, ACTS will pay the Service Award to an account established by Settlement Class Counsel no later than twenty-one (21) Days after the Effective Date. The Service Award will be paid by ACTS separate and apart from any other sums agreed to under this Settlement Agreement.

8.2     ACTS has agreed not to object to an award of attorneys' fees and costs in an amount not to exceed two-hundred and fifty thousand dollars and no/100 ($250,000.00) to Settlement Class Counsel. Settlement Class Counsel will not request an award of attorneys' fees and costs exceeding two-hundred and fifty thousand dollars and no/100 ($250,000.00). If approved by the Court, Settlement Class Counsel will provide ACTS with all appropriate documentation required under applicable law, including, without limitation, an appropriately completed Internal Revenue Service Form W-9, and ACTS will pay the Court-approved amount for attorneys' fees and costs up to two-hundred and fifty thousand dollars and no/100 ($250,000.00) to an account established by Settlement Class Counsel no later than thirty (30) Days after the Effective Date. The attorneys' fees and costs will be paid by ACTS separate and apart from any other sums agreed to under this Settlement Agreement.

Doc ID: 5849079a62d98f73d290f0077aed26dd15e06565d

8.3     Settlement Class Counsel will file the applications with the Court for the Service Award and attorneys' fees and expenses no later than fourteen (14) Days prior to the deadlines for a Settlement Class Member to opt out of or object to the Settlement, unless otherwise ordered by the Court.

8.4     The Parties agree that ACTS will not in any event or circumstance be required to pay any amounts to Plaintiffs or Settlement Class Counsel for a Service Award or attorneys' fees and costs in excess of the amounts identified above in Paragraphs 8.1 and 8.2.

8.5     The Parties agree that the Court's approval or denial of any request for a Service Award and/or attorneys' fees and costs are not conditions to this Settlement Agreement. The Parties further agree that the amount(s) of a Service Award, and of any award of attorneys' fees or costs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. No order of the Court, or modification, reversal, or appeal of any order of the Court, concerning the amount of a Service Award or any attorneys' fees or costs, ordered by the Court to be paid to Settlement Class Counsel, or Plaintiffs, shall affect whether the Final Order and Judgment is Final, cancel, or terminate this Settlement Agreement, or constitute grounds for cancellation or termination of this Settlement Agreement.

**9.     NOTICES.**

9.1     All notices (other than the Notice) required by the Settlement Agreement shall be made in writing and communicated by mail or hand delivery to the following addresses:

All Notices to Settlement Class Counsel or Plaintiffs shall be sent to:

> Raina C. Borrelli
> raina@turkestrauss.com
> TURKE & STRAUSS LLP
> 613 Williamson St., Suite 201
> Madison, WI 53703

All Notices to ACTS' Counsel or ACTS shall be sent to:

Doc ID: 5849b79ab2d9873e29f0077aad263a15cc60565d

Claudia D. McCarron
Paulyne A. Gardner
MULLEN COUGHLIN LLC
426 W. Lancaster Ave., Suite 200
Devon, PA 19333

9.2     Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, Objections, requests for exclusion, or other documents, communications, or filings received as a result of the Notice.

**10.     SETTLEMENT APPROVAL PROCESS.**

10.1     As soon as practicable after execution of this Settlement Agreement, the Parties shall jointly submit this Settlement Agreement to the Court and file a motion for preliminary approval of the settlement, requesting entry of a Preliminary Approval Order in the form attached hereto as **Exhibit D**, or an order substantially similar to such form in both terms and cost, which:

(a)     Preliminarily approves this Settlement Agreement;

(b)     Certifies the Settlement Class for settlement purposes only pursuant to Section 2;

(c)     Finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to Settlement Class Members;

(d)     Appoints the Claims Administrator in accordance with the provisions *supra*;

(e)     Approves the Notice Program and directs the Claims Administrator and ACTS to provide Notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

(f)     Approves a customary form of short notice to be mailed to Settlement Class Members (the "Short Form Notice") in a form substantially similar to the one attached hereto as **Exhibit A** and a customary long form of notice ("Long Form Notice") in a form

26

substantially similar to the one attached hereto as **Exhibit B**, which together shall include a fair summary of the Parties' respective litigation positions, the general terms of the Settlement set forth in this Settlement Agreement, instructions for how to opt out of or object to the settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time, and place of the Final Approval Hearing;

(g)     Approves a Claim Form substantially similar to that attached hereto as **Exhibit C**, and directs the Claims Administrator to conduct Claims Administration in accordance with the provisions of this Settlement Agreement;

(h)     Approves the Opt-Out and Objection procedures as outlined in this Settlement Agreement;

(i)     Schedules a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court;

(j)     Appoints Settlement Class Counsel;

(k)     Appoints Plaintiffs as the Settlement Class Representatives; and

(l)     Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

10.2     Within 14 Days of the filing of the Motion for Preliminary Approval, ACTS will also cause the Claims Administrator to provide (at ACTS' expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act.

**11.     FINAL APPROVAL HEARING.**

11.1     Settlement Class Counsel and ACTS' Counsel shall request that after Notice is completed, the Court hold a Final Approval Hearing and grant final approval of the Settlement set

Doc ID: 5849075a021d9873e29f0077aed2330150d0505d

forth herein. The Parties will recommend that the Final Approval Hearing be scheduled no earlier than one-hundred and sixty (60) Days after the entry of the Preliminary Approval Order.

11.2    Plaintiffs will file with the Court their brief in support of final approval, attorneys' fees and costs and Service Award no later than fourteen (14) Days before the Final Approval Hearing, or as directed by the Court.

11.3    Plaintiffs will file with the Court their brief in support of attorneys' fees and costs and Service Award no later than fourteen (14) Days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement, or as directed by the Court.

11.4    The Parties shall ask the Court to enter a Final Order and Judgment in substantially the same form as **Exhibit E** attached hereto.

11.5    If and when the Final Order and Judgment becomes Final, the Lawsuit shall be dismissed with prejudice, with the Parties to bear their own attorneys' fees, costs, and expenses not otherwise provided in accordance with this Settlement Agreement.

## 12.    TERMINATION OF THIS SETTLEMENT AGREEMENT.

12.1    Each Party shall have the right to terminate this Settlement Agreement if:

(a)    The Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that is not substantially similar in form and substance to **Exhibit D** attached hereto);

(b)    The Court denies final approval of this Settlement Agreement (or grants final approval through an order that materially differs in substance from **Exhibit E** attached hereto); or

(c)    The Final Order and Judgment does not become Final because a higher court reverses final approval by the Court.

Doc ID: 5d49b79ab2d98f73e29f0077aad23a15ca60505d

12.2    If a Party elects to terminate this Settlement Agreement under this Section 12, that Party must provide written notice to the other Party's counsel, by hand delivery, mail, or email within ten (10) Days of the occurrence of the condition permitting termination.

12.3    Nothing shall prevent Plaintiffs or ACTS from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of final approval of the Settlement. In the event such appellate proceedings result, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Lawsuit with prejudice, and otherwise meeting the substantive criteria of this Settlement Agreement for approval of the Settlement, such order shall be treated as a Final Order and Judgment.

12.4    If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement and all orders entered in connection therewith shall be rendered null and void; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Lawsuit or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*; (iii) ACTS shall be responsible for all Notice and Claims Administration Costs incurred prior to the termination or disapproval; (iv) all Parties shall be deemed to have reverted to their respective positions and status in the Lawsuit as of the date this Settlement Agreement was executed and shall jointly request that a new case schedule be entered by the Court; and (v) ACTS shall have no payment, reimbursement, or other financial obligation of any kind as a result of this Settlement Agreement, other than as stated in Sub-Part (iii) above.

Doc ID: 58490f95a12d98f73e290f0077aed263d15e060505d

**13.      RELEASE.**

13.1     On the Effective Date, the Parties and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim may be pursued against ACTS or any Released Persons with respect to the Released Claims.

13.2     Upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, pursuing, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims is asserted.

Doc ID: 58d98f95a021d9873e290f0077aed23da15a0d565d

13.3     On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Plaintiffs and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims. The release set forth in the preceding sentence (the "Release") shall be included as part of any judgment, so that all Released Claims shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

13.4     Without in any way limiting the scope of the Release, the Release covers, without limitation, any and all claims for attorneys' fees, costs, and expenses incurred by Settlement Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Lawsuit, the Settlement, the administration of such Settlement and/or the Released Claims, as well as any and all claims for the Service Award to Plaintiffs.

13.5     Subject to Court approval, as of the Effective Date, all Settlement Class Members shall be bound by this Settlement Agreement and the Release and all of their claims shall be

31

dismissed with prejudice and released, irrespective of whether they received actual notice of the Lawsuit or this Settlement.

13.6    As of the Effective Date, the Released Persons are deemed, by operation of the entry of the Final Order and Judgment, to have fully released and forever discharged Plaintiffs, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, of and from any claims arising out of the Lawsuit or the Settlement. Any other claims or defenses ACTS or other Released Persons may have against Plaintiffs, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiffs or Settlement Class Members, including, without limitation, any claims based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Lawsuit or the Released Claims are not released, are specifically preserved and shall not be affected by the preceding sentence.

13.7    As of the Effective Date, the Released Persons are deemed, by operation of entry of the Final Order and Judgment, to have fully released and forever discharged each other of and from any claims they may have against each other arising from the claims asserted in the Lawsuit, including any claims arising out of the investigation, defense, or Settlement of the Lawsuit.

13.8    Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

**14.    EFFECTIVE DATE.**

14.1    The "Effective Date" of this Settlement Agreement shall be ten (10) Days after the date when each and all of the following conditions have occurred:

(a)    This Settlement Agreement has been fully executed by all Parties and their counsel;

32

(b)     Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement Agreement, and approving the Notice Program and Claim Form, all as provided above;

(c)     The Court-approved Notice has been sent and the Settlement Website has been duly created and maintained as ordered by the Court;

(d)     The Court has entered a Final Order and Judgment finally approving this Settlement Agreement, as provided above;

(e)     The Final Order and Judgment has become Final; and

(f)     The time for any appeal of the Final Order and Judgment has expired.

## 15.     MISCELLANEOUS PROVISIONS.

15.1     The recitals and exhibits to this Settlement Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

15.2     The Parties (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

15.3     This Settlement Agreement is for settlement purposes only. No provision contained in this Settlement Agreement or any action taken hereunder shall constitute or be construed as an admission of the merit or validity of any claim or any fact alleged in the Lawsuit or of any wrongdoing, fault, violation of law, or liability of any kind on the part of ACTS or the Released Persons or any admission by ACTS or the Released Persons with respect to any claim or allegation made in any action or proceeding or any concession as to the merit of any of the claims asserted by Plaintiffs in the Lawsuit. This Settlement Agreement shall not be offered or be admissible in evidence against either Party or the Released Persons or cited or referred to in any action or

Doc ID: 58d9b79ab2d9873e29f0077aed23da5e0b0505d

proceeding, except in an action or proceeding brought to enforce its terms. Nothing contained herein is or shall be construed or admissible as an admission by ACTS or the Released Persons that Plaintiffs' claims or any similar claims are suitable for class treatment outside of this Settlement.

15.4    In the event that there are any developments in the effectuation and administration of this Settlement Agreement that are not dealt with by the terms of this Settlement Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing such agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Settlement Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Settlement Agreement in order to give this Settlement Agreement full force and effect.

15.5    No Person shall have any claim against Plaintiffs, Settlement Class Counsel, ACTS, ACTS' Counsel, the Claims Administrator, the Released Persons, or their agents based on administration of the Settlement substantially in accordance with the terms of the Settlement Agreement or any court order.

15.6    This Settlement Agreement constitutes the entire agreement between the Parties with respect to the settlement of the Lawsuit. This Settlement Agreement supersedes all prior negotiations and agreements with respect to the settlement of the Lawsuit and may not be modified or amended, except by a writing signed by or on behalf of the Parties or their respective successors-in-interest. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part of the subject matter of this Settlement Agreement has been made or relied on, except as expressly set forth in this Settlement Agreement.

Doc ID: 58490f95a62d98f73e29f0077aed23a15c06565d

15.7   There shall be no waiver of any term or condition absent an express writing to that effect by the waiving Party. No waiver of any term or condition in this Settlement Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

15.8   In the event a third party, such as a bankruptcy trustee, former spouse, or other third party, has or claims to have a claim against any payment made or to be made to a Settlement Class Member, it is the sole responsibility of the Settlement Class Member to transmit the funds to such third party in satisfaction of such claims.

15.9   The Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Lawsuit. The Settlement compromises and releases claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Parties each agree that the Settlement was negotiated in good faith by the Parties and was reached voluntarily after consultation with competent legal counsel. The Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Lawsuit was brought or defended in bad faith or without a reasonable basis. It is agreed that neither Party shall have any liability to one another as it relates to the Lawsuit, except as set forth herein.

15.10   This Settlement Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in the Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement. All terms, conditions, and exhibits are material and

Doc ID: 58490e79ab2d98f39e29f0077aed233d5e0d505d

necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

15.11   The Court shall retain jurisdiction, after entry of the Final Order and Judgment, with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court for purposes of the implementation and enforcement of the Settlement embodied in this Settlement Agreement and any dispute with respect thereto.

15.12   This Settlement Agreement shall be construed under and governed by the laws of Pennsylvania without regard to its choice of law provisions.

15.13   In the event that any one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision had never been a part of this Settlement Agreement, as long as the benefits to ACTS or the Settlement Class Members are not materially altered as the result of the invalid, illegal, or unenforceable provision.

15.14   This Settlement Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties.

15.15   The headings used in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement. In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa), and the use of the masculine includes the feminine (and vice-versa).

15.16   All dollar amounts are in United States dollars (USD).

Doc ID: 584907f8a82d98f73d29f0077aad263d15c6d505d

15.17   This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement.

15.18   Each Party to this Settlement Agreement and the signatories thereto warrant that he, she, or it is acting upon his, her, or its independent judgment and the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

15.19   Each signatory below warrants that he or she has authority to execute this Settlement Agreement and bind the Party on whose behalf he or she is executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

/s/ _____

Plaintiff Cara-Aimee Long Corra

/s/ _____

Plaintiff Valarie Hanna

/s// _____

ACTS Retirement Services, Inc.

37

Doc ID: 58d9079a6b2d9873e29f0077aad263db5e0d565d

15.17   This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement.

15.18   Each Party to this Settlement Agreement and the signatories thereto warrant that he, she, or it is acting upon his, her, or its independent judgment and the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

15.19   Each signatory below warrants that he or she has authority to execute this Settlement Agreement and bind the Party on whose behalf he or she is executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,


*/s/*_____

Plaintiff Cara-Aimee Long Corra


*/s/*_____

Plaintiff Valarie Hanna


ACTS Retirement Services, Inc.

By:_____
       Glenn D. Fox
       Secretary

This agreement is approved as to form and content by the Parties' respective counsel and Settlement Class Counsel agrees to be bound by its terms.

Dated: July 14, 2023

/s/ *Claudia D. McCarron*

Claudia D. McCarron
Paulyne A. Gardner
Richard M. Haggerty
**MULLEN COUGHLIN LLC**
426 W. Lancaster Ave., Suite 200
Devon, PA 19333
Telephone: (267) 930-4770
Facsimile: (267) 930-4771
cmccarron@mullen.law
pgardner@mullen.law
rhaggerty@mullen.law

*Counsel for ACTS Retirement Services, Inc.*

Dated: July 14, 2023

/s/ *Raina Borrelli*

Raina C. Borrelli
**TURKE & STRAUSS, LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
raina@turkestrauss.com

*Counsel for Plaintiffs and Proposed Settlement Class Counsel*

Dated: July 14, 2023

/s/ *Patrick Howard*

Patrick Howard
**SALTZ MONGELUZZI &
BENDESKY, PC**
1650 Market Street, 52nd Floor
One Liberty Place
Philadelphia, PA 19103
Tel: 215-575-3895
Email: phoward@smbb.com

*Counsel for Plaintiffs and Proposed Settlement Class Counsel*

Doc ID: 58d90f95b62da98f5e297f0077aad263d15006505

# EXHIBIT A

**A proposed Settlement has been reached in a class action lawsuit known as**
*Cara-Aimee Long Corra and Valarie Hanna, individually and on behalf of all others similarly situated v. ACTS Retirement Services, Inc.,* **No. 2:22-cv-02917, ("Lawsuit"), filed in the United States District Court for the Eastern District of Pennsylvania.**

**What is this about?** The lawsuit alleges that in April 2022, ACTS Retirement Services, Inc. ("ACTS") experienced a cybersecurity attack that potentially exposed the personally identifiable information ("PII"), including but not limited to names, Social Security numbers, and financial account and routing numbers (the "Data Security Incident"), of a number of individuals, including some of its current and former employees. ACTS maintains that it had meritorious defenses, and it was prepared to vigorously defend the lawsuit. The settlement is not an admission of wrongdoing or an indication that ACTS has violated any laws, but rather the resolution of disputed claims.

**Who is a Settlement Class Member?** You are a Settlement Class Member if ACTS identified you as being among those individuals impacted by the Data Security Incident, including all who were sent a notice of the Data Security Incident.

**What are the benefits?** The Settlement provides the following benefits:

• **Documented Ordinary Loss Expense Reimbursement**: Up to $350 for documented out-of-pocket expenses and fees for credit reports, credit monitoring, or other identity theft insurance products.

• **Lost Time Reimbursement**: Reimbursement for up to three (3) hours of lost time spent dealing with the Data Security Incident ($25 per hour), if at least one (1) full hour was spent dealing with the Data Security Incident.

• **Documented Extraordinary Loss Reimbursement**: Reimbursement for documented extraordinary losses, not to exceed $3,500 per Settlement Class Member, for proven actual monetary losses.

• **Credit Monitoring**: Two-years of credit monitoring and identity theft protection through Identity Defense Complete. Identity Defense Complete provides single-bureau credit monitoring, monthly credit score, score tracker, high risk transaction monitoring, authentication alerts, real-time inquiry alerts, dark web monitoring, USPF address change and monitoring alerts, security freeze assist, lost wallet protection, $1,000,000 comprehensive identity theft insurance, victim assistance, a customer dashboard and customer support.

• **Remedial Relief**: ACTS will also continue to provide security for patient and employee PII and PHI.

You must file a claim by mail postmarked by [INSERT DATE] or online at [INSERT WEBSITE] by [INSERT DATE] to receive benefits from the Settlement.

**What are my other rights?**

• **Do Nothing**: If you do nothing, you remain in the Settlement. You give up your rights to sue but you will not get any money; you must submit a claim to get money.

• **Exclude yourself**: You can get out of the Settlement and keep your right to sue about the claims in this Lawsuit, but you will not get any money from the Settlement. You must exclude yourself by [INSERT DATE].

• **Object**: You can stay in the Settlement, but tell the Court why you think the Settlement should not be approved. Objections must be submitted by [INSERT DATE]. Detailed instructions on how to file a claim, get additional credit monitoring, exclude yourself, or object are on the Settlement Website at [INSERT WEBSITE]. The Court will hold the Final Fairness Hearing at [INSERT] to consider whether the proposed Settlement is fair, reasonable, and adequate, to consider an award

of combined attorneys' fees, costs, and expenses of $250,000 and request Class Representative service awards of $2,500 for each Class Representative, and to consider whether and if it should be approved. You may attend the hearing, but you don't have to. This is only a summary. For additional information, including a copy of the Settlement Agreement, Long Form Notice, Claim Form, Class Counsel's Application for Attorneys' Fees and Expenses, and other documents, visit [INSERT WEBSITE] or call [INSERT PHONE #].

# EXHIBIT B

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**If ACTS Retirement Services, Inc. ("ACTS") Notified You Of A Data Security Incident, You May Be Eligible For Benefits From A Class Action Settlement.**

*This is not a solicitation from a lawyer, junk mail, or an advertisement. A court authorized this Notice.*

This notice summarizes the proposed settlement reached in a lawsuit entitled *Cara-Aimee Long Corra and Valarie Hanna, individually and on behalf of all others similarly situated v. ACTS Retirement Services, Inc.*, No. 2:22-cv-02917-GEKP pending in the United States District Court for the Eastern District of Pennsylvania ("Lawsuit"). For the precise terms and conditions of the settlement, please see the Settlement Agreement available at **[insert website]** or by contacting the Settlement Administrator at 1-833-937-0337.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**This Notice explains the nature of the lawsuit and claims being settled, your legal rights, and the benefits to the Settlement Class.**

**This notice may affect your rights – please read it carefully.**

• The lawsuit alleges that in April 2022, ACTS Retirement Services, Inc. ("ACTS") experienced a cybersecurity attack that potentially exposed the personally identifiable information ("PII"), including but not limited to names, Social Security numbers, and financial account and routing numbers (the "Data Security Incident"), of a number of individuals, including some of its current and former employees. ACTS maintains that it had meritorious defenses, and it was prepared to vigorously defend the lawsuit. The settlement is not an admission of wrongdoing or an indication that ACTS has violated any laws, but rather the resolution of disputed claims.

• If you received this Notice, you have been identified as a Settlement Class Member. More specifically, you are a Settlement Class Member because you have been identified by the Settlement Administrator as an individual who received notice from ACTS in July 2022 or October 2022 regarding information that was potentially compromised in the Data Security Incident.

• The Settlement provides that Settlement Class Members are eligible for two years of credit monitoring and identity theft protection.

• All Settlement Class Members can receive the following benefits from the Settlement: (1) reimbursement for up to $350 for documented out-of-pocket expenses such as fees for credit reports, credit monitoring, or other identity theft insurance products, (2) reimbursement for up to three (3) hours of lost time spent dealing with the Data Security Incident ($25 per hour), if at least one (1) full hour was spent dealing with the Data Security Incident, and (3) reimbursement for documented extraordinary losses, not to exceed $3,500 per Settlement Class Member, for proven actual monetary losses. **The deadline to submit a claim is [insert date]**.

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim** | **You must submit a valid Claim to get money from this Settlement.**<br><br>Claim Forms must be submitted online by **, 2023** or, if mailed, postmarked no later than **, 2023**. |
| **Do Nothing** | If you do nothing, you remain in the Settlement.<br>You give up your rights to sue and you will not get any money or credit monitoring. |
| **Exclude Yourself** | **Get out of the Settlement. Get no money. Keep your rights.**<br><br>This is the only option that allows you to keep your right to sue about the claims in this Lawsuit. You will not get any money or credit monitoring from the Settlement.<br><br>Your request to exclude yourself must be postmarked no later than **, 2023**. |
| **File an Objection** | Stay in the Settlement, but tell the Court why you think the Settlement should not be approved.<br>Objections must be postmarked no later than **, 2023**. |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details.<br><br>The Final Fairness Hearing is scheduled for **, 2023** at 9:30am in Courtroom 10-B, U.S. District Court for the Eastern District of Pennsylvania, 10613 U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania. |

## WHAT THIS NOTICE CONTAINS

**Basic Information** ............................................................................................................. **Pages 4-5**

    1.    How do I know if I am affected by the Lawsuit and Settlement?
    2.    What is this case about?
    3.    Why is there a Settlement?
    4.    Why is this a class action?
    5.    How do I know if I am included in the Settlement?

**The Settlement Benefits** ................................................................................................. **Pages 5-6**

    6.    What does this Settlement provide?
    7.    How to submit a Claim?
    8.    What am I giving up as part of the Settlement?
    9.    Will the Class Representative receive compensation?

**Exclude Yourself** ............................................................................................................ **Page 7-8**

    10.    How do I exclude myself from the Settlement?
    11.    If I do not exclude myself, can I sue later?

12.    What happens if I do nothing at all?

**The Lawyers Representing You** ........................................................................ Page 8

13.    Do I have a lawyer in the case?
14.    How will the lawyers be paid?

**Objecting to the Settlement** ......................................................................Page 8-10

15.    How do I tell the Court that I do not like the Settlement?
16.    What is the difference between objecting and asking to be excluded?

**The Final Fairness Hearing** ......................................................................Page 10-11

17.    When and where will the Court decide whether to approve the Settlement?
18.    Do I have to come to the hearing?
19.    May I speak at the hearing?

**Do Nothing** ............................................................................................... Page 11

20.    What happens if I do nothing?

**Get More Information** ............................................................................... Page 11

21.    How do I get more information about the Settlement?

BASIC INFORMATION

## 1. How do I know if I am affected by the Lawsuit and Settlement?

You are a Settlement Class Member if ACTS Retirement Services, Inc. ("ACTS") identified you as being among those individuals impacted by the Data Security Incident, including all who were sent a notice of the Data Security Incident.

The Settlement Class specifically excludes: (i) ACTS; (ii) the Related Entities; (iii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iv) any judges assigned to this case and their staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

This Notice explains the nature of the lawsuit and claims being settled, your legal rights, and the benefits to the Settlement Class.

## 2. What is this case about?

This case is known as *Cara-Aimee Long Corra and Valarie Hanna, individually and on behalf of all others similarly situated v. ACTS Retirement Services, Inc.*, Case No.: 2:22-cv-02917-GEKP, United States District Court for the Eastern District of Pennsylvania. The persons who sued are called the "Plaintiffs" and the company they sued, ACTS, is known as the "Defendant" in this case. ACTS will be called "Defendant" in this Notice.

Plaintiffs filed a lawsuit against Defendant, individually, and on behalf of anyone whose personally identifiable information ("PII") and protected health information ("PHI") was potentially impacted as a result of the Data Security Incident.

This Lawsuit arises out of unauthorized access to Defendant's systems and certain files containing sensitive information about Defendant's current and former patients and employees, including, but not limited to, names, Social Security numbers, financial account and routing numbers, medical treatment or diagnosis information (collectively "PII" and "PHI"), which was discovered by ACTS in April 2022 (the "Data Security Incident"). After learning of the Data Security Incident, Defendant mailed notification to persons whose PII and PHI may have been impacted by the Data Security Incident in July and October of 2022. Subsequently, this lawsuit was filed asserting claims against Defendant relating to the Data Security Incident.

Defendant denies any wrongdoing.

## 3. Why is there a Settlement?

By agreeing to settle, both sides avoid the cost, disruption, and distraction of further litigation. The Class Representatives, Defendant, and their attorneys believe the proposed Settlement is fair, reasonable, and adequate and, thus, in the best interests for Settlement Class Members. The Court did not decide in favor of the Plaintiff or Defendant. Full details about the proposed Settlement are found in the Settlement Agreement available at www.com.

**4.   Why is this a class action?**

In a class action, one or more people called a "Class Representative" sue on behalf of all people who have similar claims.  All of these people together are the "Settlement Class" or "Settlement Class Members."

**5.   How do I know if I am included in the Settlement?**

You are included in the Settlement if ACTS identified you as being among those individuals impacted by the Data Security Incident, including all who were sent a notice of the Data Security Incident. If you are not sure whether you are included as a Settlement Class Member, or have any other questions about the Settlement, visit www.com, call toll-free at ###-###-####, or write to ACTS Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

THE SETTLEMENT BENEFITS

**6.   What does this Settlement provide?**

The proposed Settlement will provide the following benefits to Settlement Class Members:

**Expense Reimbursement**

**Documented Ordinary Loss Expense Reimbursement:** All Settlement Class Members who submit a valid claim using the Claim Form are eligible for the following documented (except lost time, as defined below) ordinary loss expense reimbursement, not to exceed $350 per Settlement Class Member: (a) documented out-of-pocket expenses that were incurred as a result of the Data Incident, which may include: (i) bank fees, (ii) long distance phone charges, (iii) cell phone charges (only if charged by the minute), (iv) data charges (only if charged based on the amount of data used), (v) postage, or (vi) gasoline for local travel; and (b) fees for credit reports, credit monitoring, or other identity theft insurance products purchased between April 2022 to , 2023. To receive reimbursement for any of the above-referenced documented ordinary loss expenses, Settlement Class Members must submit a valid and timely Claim Form, including necessary supporting documentation, to the Settlement Administrator.

**Lost Time Reimbursement:** Settlement Class Members are also eligible to receive reimbursement for up to three (3) hours of lost time spent dealing with the Data Security Incident (calculated at the rate of $25 per hour, if at least one (1) full hour was spent dealing with the Data Security Incident. Settlement Class Members may receive reimbursement for lost time if the Settlement Class Member provides and written description of the lost time and certifies that the lost time was spent responding to the Data Security Incident. Claims made for lost time can be combined with reimbursement for documented ordinary loss expense reimbursement and are subject to the same $350 cap for all Settlement Class Members.

**Documented Extraordinary Loss Reimbursement:** Settlement Class Members are also eligible to receive reimbursement for documented extraordinary losses, not to exceed $3,500 per Settlement Class Member, including proven actual monetary losses, provided that: (i) the loss is an actual, documented, and unreimbursed monetary loss arising from fraud or misuse; (ii) the loss from fraud or misuse was more likely than not caused by the Data Security Incident; (iii) the actual misuse or fraud loss is not already covered by one or more of the ordinary loss compensation

categories; (iv) the claimant made reasonable efforts to avoid the loss or seek reimbursement for the loss, including, but not limited to, exhaustion of all available credit monitoring insurance and identity theft insurance; and (v) the actual misuse or fraud loss occurred between the date of the Data Security Incident (April 2022) and , 2023. The maximum amount any one Settlement Class Member may recover for documented extraordinary losses is $3,500.

**Credit Monitoring**: All Settlement Class Members will be automatically offered a free two-year membership to Identity Defense Complete through Pango, which provides 1-bureau credit monitoring, monthly credit score, score tracker, high risk transaction monitoring, authentication alerts, real-time inquiry alerts, dark web monitoring, USPF address change and monitoring alerts, security freeze assist, lost wallet protection, $1,000,000 comprehensive identity theft insurance, victim assistance, a customer dashboard and customer support.  A link and enrollment code for Identity Defense Complete is contained within the notice mailed and/or emailed to the Settlement Class Members.  After the Effective Date of the Settlement, Settlement Class Members may use the link and enrollment code provided on the notice to activate Identity Defense Complete.  The Settlement Class Member must activate the service within 90 days from the date of final approval. You can choose to receive a reminder email about enrolling in Identity Defense Complete by filling out a Claim Form (see Question 7). Defendant will pay for the credit monitoring services separate and apart from other settlement benefits.

**Remedial Relief:** Defendant will also continue to provide security for resident and employee PII and PHI.  Defendant agrees to pay for such remedial costs separate and apart from other settlement benefits.

## 7.   How to submit a claim?

All claims will be reviewed by the Settlement Administrator for completeness and plausibility. You must file a Claim Form to get money from the proposed Settlement. Claim Forms must be submitted online by , 2023 or postmarked no later than , 2023. You can submit an online claim or download a Claim Form at www.com, or you can call the Settlement Administrator toll-free at ###-###-#### for a Claim Form.

## 8.   What am I giving up as part of the Settlement?

If you stay in the Settlement Class, you will be eligible to receive benefits, but you will not be able to sue ACTS Retirement Services, Inc., its Related Entities, and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, assigns, owners, directors, shareholders, members, officers, employees, principals, agents, attorneys, insurers, and reinsurers (collectively, the "Released Persons") regarding the claims in this case.

The Settlement Agreement, which includes all provisions about settled claims, releases, and Released Persons, is available at www.com.

The only way to keep the right to sue is to exclude yourself (*see* Question 10), otherwise you will be included in the Settlement Class, and, if the Settlement is approved, you give up the right to sue for the claims in this case.

## 9.   Will the Class Representative receive compensation?

Yes. The Class Representatives will each receive a service award of up to $2,500, to compensate them for their services and efforts in bringing the lawsuit. The Court will make the final decision as to the amount, if any, to be paid to the Class Representative.

### EXCLUDE YOURSELF

## 10. How do I exclude myself from the Settlement?

If you do not want to be included in the Settlement, you must send a timely written request for exclusion, stating your full name, address, and telephone number. Your request for exclusion must be personally signed by you and contain your original signature (or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under power of attorney to act on your behalf with respect to a claim or right, such as those in the Lawsuit). Your request must also clearly manifest your intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

Your written request for exclusion must be postmarked no later than **, 2023** to:

**ACTS Claim Administrator**
**Attn: Exclusions**
**P.O. Box 58220**
**Philadelphia, PA 19102**

Instructions on how to submit a request for exclusion are available at www.com or from the Claims Administrator by calling ###-###-####.

If you exclude yourself, you will not be able to receive any cash benefit or credit monitoring from the Settlement, and you cannot object to the Settlement at the Final Approval Hearing. You will not be legally bound by anything that happens in the Lawsuit, and you will keep your right to sue Defendant on your own for the claims that this Settlement resolves.

## 11. If I do not exclude myself, can I sue later?

No. If you do not exclude yourself from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Persons (listed in Question 8) for the claims this Settlement resolves.

## 12. What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any money or credit monitoring services from the Settlement, you will not be able to start or proceed with a lawsuit, or be part of any other lawsuit against the Released Persons (listed in Question 8) about the settled claims in this case at any time.

### THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in the case?

Yes. The Court has appointed TURKE & STRAUSS, LLP and SALTZ MONGELUZZI & BENDESKY, LLP (called "Settlement Class Counsel") to represent the interests of all Settlement Class Members in this case. You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Settlement Class Counsel will apply to the Court for an award of combined attorneys' fees, costs, and expenses in an amount not to exceed $250,000. A copy of Class Counsel's Motion for Attorneys' Fees, Costs, Expenses, and Service Award for Class Representative will be posted on the Settlement Website, www.com, before the Final Fairness Hearing.  The Court will make the final decisions as to the amounts to be paid to Settlement Class Counsel, and may award less than the amount requested by Settlement Class Counsel.

OBJECTING TO THE SETTLEMENT

## 15. How do I tell the Court that I do not like the Settlement?

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you must file an objection with the Court telling it why you do not think the Settlement should be approved.

Objections must be submitted in writing and include all the following information:

    a)  State the objecting Settlement Class Member's full name, current address, telephone number, and email address (if any);

    b)  Contain the objecting Settlement Class Member's original signature;

    c)  Set forth information identifying the objector as a Settlement Class Member, including proof that the objector is within the Settlement Class (*e.g.,* copy of the Notice or copy of original notice of the Data Security Incident);

    d)  Set forth a statement of all grounds for the objection, including any legal support for the objection that the objector believes applicable;

    e)  Identify all counsel representing the objector;

    f)  State whether the objector and/or his or her counsel will appear at the Final Approval Hearing, and;

    g)  Contain the signature of the objector's duly authorized attorney or other duly authorized representative (if any), along with documentation setting forth such representation

Your Objection must be postmarked no later than , 2023 at:

ACTS Claim Administrator<br>
Attn: Objections<br>
P.O. Box 58220<br>
Philadelphia, PA 19102

In addition, you must concurrently mail or hand deliver a copy of your objection to Settlement Class Counsel and Defense Counsel, postmarked no later than , 2023.

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Raina C. Borrelli<br>TURKE & STRAUSS, LLP<br>613 Williamson St., Suite 201<br>Madison, Wisconsin 53703<br>Telephone: (608) 237-1775<br>Facsimile: (608) 509-4423<br>raina@turkestrauss.com | Claudia D. McCarron<br>Paulyne A. Gardner<br>MULLEN COUGHIN LLC<br>426 W. Lancaster Ave.<br>Suite 200<br>Devon, PA 19333 |
| Patrick Howard<br>SALTZ MONGELUZZI &<br>BENDESKY, PC<br>1650 Market Street, 52nd Floor<br>One Liberty Place<br>Philadelphia, PA  19103<br>Tel: 215-575-3895<br>Email: phoward@smbb.com | |

In addition, if the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file with the Court, and mail or hand-deliver to Settlement Class Counsel and Defense Counsel, a notice of appearance no later than , 2023. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the notice of appearance filed with the Court must also:

    a) Identify the attorney(s) representing the objector who will appear at the Final Approval Hearing;

    b) Include each such attorney's name, address, phone number, email address, state bar(s) to which counsel is admitted, as well as associated state bar numbers;

    c) Include a list identifying all objections each counsel has filed to class action settlements in the past three (3) years, the results of each objection, any court opinions ruling on the objections, and any sanctions issued by a court in connection with objections filed by such attorney; and

d)  If the objecting Settlement Class Member intends to request permission from the Court to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony at least thirty (30) Days before the Final Approval Hearing.

If you do not submit your objection with all requirements, or if your objection is not received by , 2023 you will be considered to have waived all Objections and will not be entitled to speak at the Final Fairness Hearing.

## 16. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

### THE FINAL FAIRNESS HEARING

## 17. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Fairness Hearing on , 2023 at am in Courtroom 10-B, U.S. District Court for the Eastern District of Pennsylvania, 10613 U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania. The hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you periodically check www.com for updated information.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, and is in the best interests of Settlement Class Members, and if it should be finally approved. If there are valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider the award of attorneys' fees, costs, and expenses to Settlement Class Counsel and the request for a Service Award to the Class Representative.

## 18. Do I have to come to the hearing?

No. You are not required to come to the Final Approval Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an Objection, you do not have to come to the hearing to talk about it. If your objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but that is not necessary. However, you must follow the requirements for making objections in Question 15, including the requirements for making appearances at the hearing.

## 19. May I speak at the hearing?

Yes. You can speak at the Final Approval Hearing, but you must ask the Court for permission. To request permission to speak, you must file an objection according to the instructions in Question 15, including all the information required for you to make an appearance at the hearing. You cannot speak at the hearing if you exclude yourself from the Settlement.

## DO NOTHING

| 20. What happens if I do nothing? |
|---|

If you do nothing, you will not get any money from the Settlement, you will not be able to sue for the claims in this case, and you release the claims against Defendant and the Released Persons described in Question No. 8.

## GET MORE INFORMATION

| 21. How do I get more information about the Settlement? |
|---|

This is only a summary of the proposed Settlement.  If you want additional information about this lawsuit, including a copy of the Settlement Agreement, the Complaint, the Court's Preliminary Approval Order, Settlement Class Counsel's Motion for Attorneys' Fees, Costs, Expenses, and Service Award for Class Representative, and more, please visit www.com or call ###-###-####. You may also contact the Claims Administrator at ACTS Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, DEFENDANT, OR DEFENDANT'S COUNSEL.**

# EXHIBIT C

| | |
|---|---|
| **Your claim must be submitted online or <u>postmarked by:</u> <mark>MONTH DD, 2023</mark>** | **ACTS Retirement Services** |

**CLAIM FORM FOR ACTS RETIREMENT SERVICES, INC.**
**DATA SECURITY INCIDENT SETTLEMENT**

*Cara-Aimee Long Corra, et al. v. ACTS Retirement Services, Inc..*
Case No. 2:22-cv-02917-GEKP
United States District Court for the Eastern District of Pennsylvania

## USE THIS FORM <u>ONLY IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS</u>
TO MAKE A CLAIM FOR IDENTITY THEFT PROTECTION AND CREDIT MONITORING
SERVICES AND/OR COMPENSATION FOR UNREIMBURSED LOSSES

### GENERAL INSTRUCTIONS

If you received Notice of this Settlement, the Settlement Administrator identified you as an individual who received notice from ACTS Retirement Services, Inc. ("ACTS") in July 2022 or October 2022 regarding information that was potentially compromised in a Data Security Incident ("Data Security Incident"). As a member of the Settlement Class, you are eligible to complete this Claim Form to claim (1) up to $350 for (i) reimbursement for documented ordinary out-of-pocket expenses and/or (ii) up to 3 hours of lost time compensable at $25 per hour, if at least one full hour was spent dealing with the Data Security Incident, and (2) reimbursement for documented extraordinary losses, not to exceed $3,500 per Settlement Class Member, for proven actual monetary losses.

Please refer to the Settlement Notice (Long Notice) posted on the Settlement Website <mark><<Website>>,</mark> for more information on information on submitting a Claim and information on the aggregate cap on claims.

**<u>To receive any of these benefits, you must submit the Claim Form below by <mark><<DATE>>.</mark></u>**

Expense Reimbursement: All members of the Settlement Class who submit a Valid Claim using the Claim Form are eligible to claim reimbursement for documented ordinary out-of-pocket expenses, not to exceed $350 per member of the Settlement Class, that were incurred as a result of the Data Security Incident: Examples of reimbursable expenses incurred as a result of the Data Security Incident include bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel; fees for credit reports, credit monitoring, or other identity theft insurance products purchased between April 7, 2022 and July 17, 2023.

Time Spent Dealing With the Data Security Incident: As part of an expense reimbursement claim, you may claim up to 3 hours of lost time, at $25/hour, for time spent dealing with the effects of the Data Security Incident. This amount is subject to the $350 per member cap.

Extraordinary Expense Reimbursement: All members of the Settlement Class who have suffered a proven monetary loss and who submit a Valid Claim using the Claim Form are eligible for up to $3,500 if: (i) The loss is an actual, documented, and unreimbursed monetary loss arising from fraud or misuse; (ii) The loss from fraud or misuse was more likely than not caused by the Data Security Incident; (iii) The loss occurred between April 7, 2022 and July 17, 2023; (iv) The loss is not already covered by one or more of the examples of ordinary out-of-pocket losses listed above; and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

Please read the claim form carefully and answer all questions. Failure to provide required information could result in a denial of your claim.

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

| | | |
|---|---|---|
| **Your claim must be submitted online or postmarked by:** <br> MONTH DD, 2023 | **CLAIM FORM FOR ACTS RETIREMENT SERVICES, INC. DATA SECURITY INCIDENT SETTLEMENT** <br> <br> *Cara-Aimee Long Corra, et al. v. ACTS Retirement Services, Inc..* <br> Case No. 2:22-cv-02917-GEKP <br> United States District Court for the Eastern District of Pennsylvania | **ACTS Retirement Services** |

This Claim Form may be submitted electronically *via* the Settlement Website at URL or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

*ACTS Retirement Services Claims Administrator*
Angeion mailing address

## I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Claims Administrator if your contact information changes after you submit this form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

| | |
|---|---|
| **Email Address (optional)** | **Telephone Number** |

## II.  PROOF OF CLASS MEMBERSHIP

☐     Check this box to certify that you were a person to whom ACTS mailed notice of the Settlement.

Enter the Notice ID Number provided on your Postcard Notice:

**Notice ID Number**

## III.  IDENTITY THEFT PROTECTION

☐     **IF YOU WISH TO RECEIVE AN EMAIL REMINDER ABOUT WHEN THE CODE FOR THE TWO YEARS OF IDENTITY THEFT PROTECTION BECOMES ACTIVE, PLEASE ENTER YOUR EMAIL ADDRESS ABOVE AND CHECK THIS BOX**.

**Questions? Go to URL or call 1-XXX-XXX-XXXX.**

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
<mark>MONTH DD, 2023</mark>

</td><td>

**CLAIM FORM FOR ACTS RETIREMENT SERVICES, INC.**
**DATA SECURITY INCIDENT SETTLEMENT**

*Cara-Aimee Long Corra, et al. v. ACTS Retirement Services, Inc..*
Case No. 2:22-cv-02917-GEKP
United States District Court for the Eastern District of Pennsylvania

</td><td>

**ACTS Retirement Services**

</td></tr>
</table>

## IV.  COMPENSATION FOR LOST TIME

All members of the Settlement Class who have spent time dealing with the Data Security Incident may claim up to three (3) hours for lost time at a rate of $25.00 per hour. Any payment for lost time is included in the $350 cap per Settlement Class member (no documentation is required).

Hours claimed (up to 3 hours – check one box)          □ 1 Hour □ 2 Hours □ 3 Hours

⬭          I attest and affirm to the best of my knowledge and belief that any claimed lost time was spent related to the Data Security Incident.

*In order to receive this payment, you **must** describe what you did and how the claimed lost time was spent related to the Data Security Incident.  Examples of activities could include, but are not limited to, calling bank/credit card customer service lines regarding fraudulent transactions, writing letters or e-mails to banks/credit card companies in order to have fraudulent transactions reversed, time on the internet verifying fraudulent transactions, time on the internet updating automatic payment programs due to new card issuance, calling credit reporting bureaus regarding fraudulent transactions and/or credit monitoring, writing letters or e-mails to credit reporting bureaus regarding correction of credit reports, reviewing or monitoring health insurance statements or accounts for fraudulent activity, contacting health insurance providers regarding suspicious or fraudulent transactions, time spent dealing with a fraudulent change-of-address, or time spent reviewing the notice of the Data Incident and confirming whether information was impacted by the Data Incident.*

Provide description(s) here:

_____
_____
_____
_____

## V.  REIMBURSEMENT FOR ORDINARY EXPENSES

All members of the Settlement Class who submit a Valid Claim using this Claim Form are eligible for reimbursement of the following **documented** out-of-pocket expenses, not to exceed $350 per member of the Settlement Class, that were incurred as a result of the Data Security Incident:

| Cost Type (Fill all that apply) | Approximate Date of Loss | | Amount of Loss | |
|---|---|---|---|---|
| | | / | / | | $ | . | |

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

<table>
<tr><td rowspan="2"><strong>Your claim must be submitted online or postmarked by:</strong><br><mark>MONTH DD, 2023</mark></td><td style="text-align:center"><strong>CLAIM FORM FOR ACTS RETIREMENT SERVICES, INC.<br>DATA SECURITY INCIDENT SETTLEMENT</strong><br><br><em>Cara-Aimee Long Corra, et al. v. ACTS Retirement Services, Inc..</em><br>Case No. 2:22-cv-02917-GEKP<br>United States District Court for the Eastern District of Pennsylvania</td><td style="text-align:center"><strong>ACTS Retirement Services</strong></td></tr>
</table>

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ Out-of-pocket expenses incurred as a result of the Data Security Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel. | (mm/dd/yy) | |

**Examples of Supporting Third Party Documentation:** *Telephone bills, cell phone bills, gas receipts, postage receipts, bank account statements  reflecting out-of-pocket expenses. Please note that these examples of reimbursable documented out-of-pocket losses are not meant to be exhaustive, but exemplary. You may make claims for any documented out-of-pocket losses that you believe are reasonably related to the Data Breach or to mitigating the effects of the Data Security Incident.*

| | | |
|---|---|---|
| ○ Fees for credit reports, credit monitoring, or other identity theft insurance products purchased between April 7, 2022 through July 17, 2023. | ☐☐ / ☐☐ / ☐☐<br>(mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |

**Examples of Supporting Documentation:** *Receipts or account statements reflecting purchases made for Credit Monitoring or Identity Theft Insurance Services.*

| | | |
|---|---|---|
| ○ Compensation for proven monetary loss, professional fees including attorneys' fees, accountants' fees, and fees for credit repair services incurred as a result of the Data Security Incident. | ☐☐ / ☐☐ / ☐☐<br>(mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |

**Examples of Supporting Documentation:** *Invoices or statements reflecting payments made for professional fees/services.*

## VI. REIMBURSEMENT FOR EXTRAORDINARY LOSS EXPENSES

All members of the Settlement Class who submit a Valid Claim using this Claim Form are eligible for reimbursement of the following **documented** extraordinary loss expenses, not to exceed $3,500 per member of

<table>
<tr>
<td>

**Your claim must be submitted online or postmarked by:**
<mark>MONTH DD, 2023</mark>

</td>
<td>

**CLAIM FORM FOR ACTS RETIREMENT SERVICES, INC. DATA SECURITY INCIDENT SETTLEMENT**

*Cara-Aimee Long Corra, et al. v. ACTS Retirement Services, Inc..*
Case No. 2:22-cv-02917-GEKP
United States District Court for the Eastern District of Pennsylvania

</td>
<td>

**ACTS Retirement Services**

</td>
</tr>
</table>

the Settlement Class, that were incurred as a result of the Data Security Incident. Generally, an extraordinary loss expense is unreimbursed financial loss as the direct result of financial fraud or stolen identity.

An extraordinary loss must meet the following criteria: (i) The loss is an actual, documented, and unreimbursed monetary loss arising from fraud or misuse; (ii) The loss was more likely than not caused by the Data Security Incident; (iii.) The loss occurred between April 7, 2022 and July 17, 2023; (iv) The loss is not already covered by one or more of the ordinary loss compensation categories under Section V; and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ◯ Extraordinary loss expenses incurred as a result of the Data Incident | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐☐ . ☐☐ |

Provide a written description of your extraordinary loss expenses:

_____

_____

_____

_____

_____

**YOU MUST SUBMIT DOCUMENTATION OF YOUR EXTRAORDINARY LOSS EXPENSES.**

**Examples of Supporting Documentation:** Bank statements, credit card statement, letters from the IRS or other tax authorities, letters from state unemployment agencies, and police reports.

## VII.  PAYMENT SELECTION

Please select **one** of the following payment options, which will be used should you be eligible to receive a settlement payment:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

<table>
<tr>
<td>

**Your claim must be submitted online or <u>postmarked by:</u> <mark>MONTH DD, 2023</mark>**

</td>
<td>

**CLAIM FORM FOR ACTS RETIREMENT SERVICES, INC. DATA SECURITY INCIDENT SETTLEMENT**

*Cara-Aimee Long Corra, et al. v. ACTS Retirement Services, Inc..*
Case No. 2:22-cv-02917-GEKP
United States District Court for the Eastern District of Pennsylvania

</td>
<td>

**ACTS Retirement Services**

</td>
</tr>
</table>

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __   or Email Address: _____

☐ **Virtual Prepaid Card -** Enter your email address: _____

☐ **Physical Check -** Payment will be mailed to the address provided above.

---

## VII.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____     _____     _____
Signature                                        Printed Name                                           Date

# EXHIBIT D

**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARA-AIMEE LONG CORRA and VALARIE HANNA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ACTS RETIREMENT SERVICES, INC.<br><br>Defendant. | Case No. 2:22-cv-02917-GEKP |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Before the Court is Plaintiffs' Cara-Aimee Long Corra and Valarie Hanna ("Plaintiffs")

Unopposed Motion for Preliminary Approval of Class Action Settlement (**Doc. No. __**) (the

"Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and

Defendant ACTS Retirement Services, Inc. ("ACTS" or "Defendant") (together with Plaintiffs,

the "Parties"), with accompanying exhibits attached as **Exhibit 1** to Plaintiff's Memorandum of

Law in Support of his Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS**

as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement

provides for a Settlement Class defined as follows:

> All persons whose personal identifying information and/or protected health
> information was potentially compromised in the Data Security Incident that occurred
> in April 2022, and who received notice from ACTS of that Data Security Incident.

Specifically excluded from the Settlement Class are:

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

(i) ACTS; (ii) the Related Entities; (iii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iv) any judges assigned to this case and their staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representative seeks similar relief as the claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.      **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representative. Additionally, the Court finds that Raina Borrelli of the law firm Turke & Strauss LLP and Patrick Howard of the law firm Saltz Mongeluzzi Bendesky P.C.

will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.      **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4.      **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.      **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 202___, at [ADDRESS], where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the

3

application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representative for a Service Award should be approved.

6.      **Claims Administrator**. The Court appoints Angeion as the Claims Administrator, with responsibility for class notice and settlement administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.      **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, but without further order of the Court.

8.      **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Pennsylvania Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain

4

language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9.    **Class Action Fairness Act Notice**. Within fourteen (14) days after the filing of this Settlement Agreement with the Court, the Claims Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.    **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice.

If Defendant voids the Settlement Agreement according to its terms, Defendant will be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and the Service Award to the Class Representatives and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

The Claims Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11.     **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court and with copies mailed or hand-delivered to Class Counsel and Defendant's counsel. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) state the objecting Settlement Class Member's full name, current address, telephone number, and email address (if any); (ii) contain the objecting Settlement Class Member's original signature; (iii) set forth information identifying the objector as a Settlement Class Member, including proof that the objector is within the Settlement Class (*e.g.,* copy of the Notice or copy of original notice of the Data Security Incident); (iv) set forth a statement of all grounds for the objection, including any legal support for the objection that the objector believes applicable; (v) identify all counsel representing the objector; (vi) state whether the objector and/or his or her counsel will appear at the Final Approval Hearing, and; (vii) contain the signature of the objector's duly authorized attorney or other duly authorized representative (if any), along with documentation setting forth such representation.

6

To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of Court by the Objection Date, which is no later than sixty (60) days from the date on which notice program commences pursuant to the Settlement Agreement, and served concurrently therewith upon Class Counsel and Defendant's Counsel, postmarked by the Objection Date, established by this Preliminary Approval Order and as stated in the Notice.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Section 7 of the Settlement Agreement be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12.     **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures

specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13.     **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) the Settlement is otherwise inconsistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14.     **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is

inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.   **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16.   **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17.   **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| **Grant of Preliminary Approval** | |
|---|---|
| ACTS provides list of Settlement Class Members to the Settlement Administrator | 14 days after Preliminary Approval |
| ACTS to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 14 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 30 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | No later than 30 days after Preliminary Approval. |
| Reminder Notice | 60 days after Notice Date |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 45 days after Notice Date |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Claims Paid | Within 60 days of Effective Date |

9

| **Final Fairness Hearing** | 160 days after Preliminary Approval Order (at minimum) |
|---|---|
| Motion for Final Approval | 14 days before Final Fairness Hearing Date |
| Settlement Administrator Provide Notice of Opt-Outs and/or Objections | 14 days before Final Fairness Hearing Date |
| | |
| **Final Approval** | |
| Effective Date | 10 days after Final Approval Order has been entered and the time for any appeal has expired |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | 7 days after Effective Date |
| Settlement Website Deactivation | 30 days after Effective Date |

# EXHIBIT E

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARA-AIMEE LONG CORRA and VALARIE HANNA, individually and on behalf of all others similarly situated, | |
| Plaintiffs, v. | Case No. 2:22-cv-02917-GEKP |
| ACTS RETIREMENT SERVICES, INC. | |
| Defendant. | |

## [PROPOSED] FINAL APPROVAL ORDER

Before the Court is Before the Court is Plaintiffs' Cara-Aimee Long Corra and Valarie Hanna ("Plaintiffs") Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval").[1] The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Award to Plaintiff ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Fairness Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on _____[DATE], the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") **(Doc. No. __)** which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiffs as the Class Representatives and

---

[1] All defined terms in this Order Granting Final Approval of Class Action Settlement ("Final Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

appointed Raina Borrelli of the law firm Turke & Strauss LLP and Patrick Howard of the law firm Saltz Mongeluzzi Bendesky P.C. as Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS**, on _____[DATE], pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing;

**WHEREAS**, on _____[DATE], the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Fairness Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Fairness Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Award to the Class Representative;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for a Service Award to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.      The Settlement involves allegations in Plaintiffs' First Amended Class Action Complaint against Defendant for failure to implement or maintain adequate data security measures and safeguards to protect Private Information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3.      The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4.      Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.      The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons whose personal identifying information and/or protected health information was potentially compromised in the Data Security Incident that occurred in April 2022, and who received notice from ACTS of that Data Security Incident.

Specifically excluded from the Settlement Class are:

> (i) ACTS; (ii) the Related Entities; (iii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iv) any judges assigned to this case and their staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

6.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts,

as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a.      Claims Administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by a Claims Administrator and/or Claims Referee mutually agreed upon by Class Counsel and Defendant.

b.      Defendant to pay all costs of Claims Administration including the cost of the Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

c.      Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and a Service Award to the Class Representatives,

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.      The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Fairness Hearing,

Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Award payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.      The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law

10.      The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.      As of the Opt-Out deadline, _____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit A** to this Final Order and Judgment. Those persons are not bound by the Settlement Agreement and this Final Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

12.      _____ objections were filed by Settlement Class Members.  The Court has considered all objections and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

13.     All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14.     The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Fairness Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15.     The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

16.     Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

17.     Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18.     Pursuant to and as further described in the Settlement Agreement, Plaintiff and the Settlement Class Members release claims as follows:

> any and all past, present, and future liabilities, rights, claims, counterclaims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, including, but not limited to, negligence, negligence *per se*, breach of confidence, breach of implied contract, unjust enrichment, publicity given to private life, any state or federal consumer protection statute, misrepresentation (whether fraudulent, negligent, or innocent), bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute, regulation, or common law duty, and any causes of action under 18 U.S.C. §§ 2701 *et seq.*, and all similar statutes in effect in any states in the United States

as defined herein, and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs and expenses, set-offs, losses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, or relate to the exposure of Private Information in the Data Security Incident, and conduct that was alleged or could have been alleged in the Lawsuit, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the disclosure of Private Information (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Security Incident.

20.     As of the Effective Date, the Released Persons are deemed, by operation of the entry of the Final Order and Judgment, to have fully released and forever discharged Plaintiffs, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, of and from any claims arising out of the Lawsuit or the Settlement. Any other claims or defenses ACTS or other Released Persons may have against Plaintiffs, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiffs or Settlement Class Members, including, without limitation, any claims based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Lawsuit or the Released Claims are not released, are specifically preserved and shall not be affected by the preceding sentence.

21.     The Court grants final approval to the appointment of Plaintiffs as Class Representatives. The Court concludes that Class Representatives have  fairly and adequately represented the Settlement Class and will continue to do so.

22.     Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement  Class,  the Court approves a payment to the Class Representatives in the amount

8

of $AMOUNT each as a Service Award. Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

23.     The Court grants final approval to the appointment of Raina Borrelli of the law firm Turke & Strauss LLP and Patrick Howard of the law firm Saltz Mongeluzzi Bendesky P.C. as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

24.     The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for combined attorneys' fees, costs, expenses in the amount of $AMOUNT. Payment shall be made pursuant to the terms of the Settlement Agreement.

25.     This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment

(including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

26.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will pay amounts already billed or incurred for costs of notice to the Settlement

Class, and Claims Administration, and will not, at any time, seek recovery of same from any other Party to the Litigation or from counsel to any other Party to the Litigation.

27.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

28.     Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

29.     This Order resolves all claims against all Parties in this action and is a final order.

30.     The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.