IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARA-AIMEE LONG CORRA et al.,** *Individually and on behalf of all others similarly situated,* <br> *Plaintiffs* | : <br> : <br> : <br> : <br> : | **CIVIL ACTION** |
| v. | : <br> : | |
| **ACTS RETIREMENT SERVICES, INC.** <br> *Defendant* | : <br> : | **No. 22-2917** |

### ORDER

**AND NOW**, this 2nd day of January, 2024:

WHEREAS Plaintiffs Cara-Aimee Long Corra and Valarie Hanna brought claims in this Court on behalf of themselves and all similarly situated persons, and have entered into a Settlement Agreement with Defendant ACTS Retirement Services, Inc. ("ACTS") dated July 14, 2023 (Doc. No. 37-2), as amended on October 11, 2023 (Doc. No. 42-2) (the "Settlement Agreement").

And upon consideration of the Unopposed Motion for Preliminary Approval of a Class Action Settlement (Doc. No. 37), the Memorandum of Law in Support (Doc. No. 37-1), the Supplemental Submission in Support (Doc. No. 42), and the preliminary approval hearing held on September 21, 2023, having reviewed the Settlement Agreement and its accompanying and supporting papers,[1] and for the reasons set forth in the accompanying Memorandum, it is **ORDERED** as follows:

### A.   Preliminary Approval of the Settlement

1. The Court has assessed the fairness, reasonableness, and adequacy of the Settlement and finds that, at the final approval stage, the Court will likely be able to approve the Settlement

---

[1] For the purposed of this Order, if not defined herein, capitalized terms have the definitions set forth in the Settlement Agreement (Doc. No. 42-2), which is incorporated herein by reference.

under the criteria set forth in the Federal Rule of Civil Procedure 23(e)(2) and certify the Settlement Class under the criteria set forth in Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and that therefore notice to Settlement Class Members is warranted.

2. The Court therefore preliminarily approves the Settlement on the terms set forth in the Settlement Agreement, subject to further consideration at the Final Approval Hearing. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

### B.  Appointment of the Settlement Administrator

1. The Court has considered the background information related to the Settlement Administrator proposed by Plaintiffs, and hereby appoints Angeion Group to serve in this position. The Settlement Administrator shall conduct the settlement administration procedures set forth in the Settlement Agreement

2. Pursuant to the Settlement Agreement, the court of the Settlement Administrator's services, and all other reasonable costs of settlement administration, shall be paid by ACTS.

### C.  Approval of the Settlement Notice and Notice Program

1. Pursuant to Rules 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure, the Court approves the form, substance, and requirements of the Notice Program as defined and described in the Settlement Agreement, including the Short Form Notice, Long Form Notice, and Claim Forms attached hereto as Exhibits A, B, and C, and the Settlement Website discussed in the Settlement Agreement. The Notice Program shall commence within thirty (30) days of the entry of this Order.

2. The Long Form Notice reasonably explains Settlement Class Members' rights and responsibilities, and adequately details the nature of the action; the Settlement Class definition; how to file a claim; Settlement Class Members' rights to make an appearance with an attorney,

request exclusion from the Settlement Class and object to the Settlement; the scope of the release of ACTS; and the binding effect of a Class judgment. *See* Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

3. The Long Form Notice also explains that Class Counsel may request up to $250,000 in the aggregate for attorneys' fees and reimbursement of expenses. The Notice also states that the Class Representatives will each receive a service award of up to $2,500.

4. The Court finds that the Notice Program approved by this Order meets the requirements of Federal Rule of Civil Procedure 23 and due process, is reasonable, and constitutes the best notice practicable under the circumstances.

### D. Provisional Certification of the Settlement Class

1. Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies, for settlement purposes only, the following Settlement Class:

> All persons whose personal identifying information and/or protected health information was potentially compromised in the Data Security Incident that occurred in April 2022, and who received notice from ACTS of that Data Security Incident. Excluded from the Settlement Class are: (i) ACTS; (ii) the Related Entities; (iii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iv) any judges assigned to this case and their staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

2. The Court finds, for settlement purposes only, that the Settlement Class meets all prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, including: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the representative parties are typical of the claims of the class; (d) Plaintiffs and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class; (e)

3

common questions of law and fact predominate over questions affecting only individual Settlement Class Members; and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

3. For settlement purposes only, the Court appoints Cara-Aimee Long Corra and Valarie Hanna as Settlement Class Representatives.

4. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court appoints Raina Borrelli of Turke & Strauss LLP and Patrick Howard of Saltz Mongeluzzi Bendesky P.C. as Class Counsel. Class Counsel shall ensure that the Notice Program and Claims Administration services contemplated by the Settlement Agreement are implemented.

5. The Court approves the Opt-Out and Objection procedures detailed in the Settlement Agreement.

6. Any Class Members who wish to exclude themselves from the Settlement Class must follow the exclusion procedures described in the Long Form Notice, including mailing any request for exclusion by the Opt-Out Deadline specified below.

7. Any Settlement Class Members who wish to object to the Settlement must follow the objection procedures described in the Long Form Notice, including filing any Objections by the Objection Deadline specified below.

8. At least thirty (30) calendar days prior to the Final Approval Hearing, ACTS shall file with the Court proof of its compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b) as to service of notice of the proposed Settlement upon the appropriate state and federal officials.

9. Pursuant to Federal Rule 23(e)(2), the Court will hold a Final Approval Hearing on the date and time set forth below in Courtroom 10B of the United States Courthouse, 601 Market Street, Philadelphia, PA 19106 for the following purposes:

    a. to determine whether the proposed Settlement is fair, reasonable, and adequate and should be granted final approval by the Court pursuant to Federal Rule of Civil Procedure Rule 23(e);

    b. to determine whether the Settlement Class should receive final certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3);

    c. to determine whether a Final Judgment should be entered dismissing the claims of the Settlement Class against ACTS with prejudice, as required by the Settlement Agreement;

    d. to consider the request for service awards to the Class Representatives;

    e. to consider Class Counsel's motion for an award of attorneys' fees, litigation expenses, and payment of settlement administration expenses;

    f. to consider any objections submitted by Settlement Class Members; and

    g. to consider such other matters as the Court may deem appropriate.

E. **Schedule for Motion for Final Approval and Final Approval Hearing**

1. The Court establishes the following schedule for future settlement approval events.

| Event | Time for Compliance | Date |
|---|---|---|
| Creation of Settlement Website | 30 days after entry of Preliminary Approval Order | February 1, 2024 |
| Notice Issuance Date | 30 days after entry of Preliminary Approval Order | February 1, 2024 |
| Deadline for Class Counsel's Application for Attorneys' Fees, Expenses, and Service Awards for Settlement Class Representatives | 90 days after entry of Preliminary Approval Order | April 1, 2024 |

| Opt-Out and Objection Deadline | 105 days after entry of Preliminary Approval Order | April 16, 2024 |
| Claims Deadline | 120 days after entry of Preliminary Approval Order | May 1, 2024 |
| Deadline for Motion in Support of Final Approval of Settlement | 150 days after entry of Preliminary Approval Order | May 31, 2024 |
| Final Approval Hearing | No earlier than 180 days after entry of Preliminary Approval Order | July 2, 2024 at 10:00 a.m. |

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE